## CARTER *v.* MYERS *et al.*

(Division A. Feb. 26, 1923.)

[95 South. 252. No. 23014.]

2. LOST INSTRUMENTS. *Contents of lost deed must ordinarly be substantially proven.*

The contents of a lost document need not be proven literally, but only substantially, and if the document is a deed it is sufficient if it appear from the evidence that it was executed, to and by whom, that it contains the necessary words of grant, the consideration therefor, and what property was conveyed thereby.

2. LOST INSTRUMENTS. *Contents of lost deed must ordinarily be proven by witnesses who have seen and read it; contents of lost deed may be proven by conduct of grantor inconsistent with nonexistence thereof.*

The contents of a lost deed must ordinarily be proven by witnesses who have seen and read it, but may be proven in a controversy where the grantor or his heirs are seeking to recover the land by admissions and conduct of the grantor inconsistent with the nonexistence of the deed.

APPEAL from chancery court of Forrest county.

HON. V. A. GRIFFITH, Chancellor.

Suit by S. P. Carter against Rachel Norwood Myers and others. From a decree dismissing the bill, plaintiff appeals. Reversed, and judgment for plaintiff.

*Currie & Currie* for appellant.

The decree in this case is remarkable, to our minds at least, for its admission on the one hand of the sufficiency of the proof to engender, compel, and justify the belief that the deed was actually made by Norwood and his wife to Breland, and yet on the other hand holding that by the policy of the law to make titles to real estate secure, the court could not give sanction to the effect upon the mind of the proof in the case, because perchance the exact language and phraseology of the deed had not been recited by the witnesses or some witness in the case.

All that the strictest rule of law or evidence or of public policy does require is that it be clearly shown that the deed was actually made. Such we understand to be the only, final, and last test of the evidence. If the evidence be sufficient to convince the intelligent human mind clearly that the deed was actually made, it is sufficient to meet every requirement of the law or of public policy. The testimony proved the actual signing and delivery of the deed, or at least an instrument intended and accepted as a deed. The appellees and none of them undertook to dispute this, and offered no evidence to disprove the facts of the signing and delivering of the instrument. Other testimony identifies the land in question and also proves, second, that Norwood undertook to sell the identical land to witness before he made the sale of the same to Mrs. M. E. Breeland.

The testimony of all of the witnesses for the appellant proved that the Norwoods moved off of and abandoned the land soon after these sales, and that they never did thereafter return to the same and live upon it, or any portion of the same, and never did thereafter claim to own or pretend to own the same or any part thereof. There was no objection made by the appellees to the testimony of the witness, T. I. Breeland, to the effect that Norwood, the grantor, had told him during his lifetime

and after he made the deed that he had sold the eighty acres of land in question to Mrs. M. E. Breeland, and if objection had been made to this testimony it would have been overruled for the reason that the statement would have been one against the interest of Norwood, if living, and was admissible in this case between his heirs, or those standing in his shoes, and the appellant in this case, and as authority in support of the principle of law involved we cite the case of *Baldridge* v. *Stribling, et ux,* 57 So. 658.

The truth is that the chancery court decided this case against the appellant for the simple and sole reason that the appellant was unable to produce witnesses by whom it could prove the exact phraseology or language of the deed. The chancellor, himself had no doubt of the execution and delivery of the deed as a fact. He so stated in his opinion. He further stated that this fact could not be doubted by any person who heard the testimony.

But the fact that the deed was made and delivered was all the law required the appellant to prove. We cite the following authorities in support of the contentions which we have laid down in this brief: *Perry* v. *Burton,* 111 Ill. 138; *Burdick* v. *Peterson, et al.,* 72 Fed. 864; *Native Lumber Co. et al.* v. *Elmer et al.,* 78 So. 703. Norwood in his lifetime admitted that he had sold the same to Mrs. M. E. Breeland, and the admissions of a party may be received in evidence to establish the execution of a converted instrument alleged to be lost, and in support of this proposition we cite the following authorities which are directly in point: *Jackson* v. *Vail,* 7 Wend. (Par. N. Y.) 125; *Scott* v. *Crouch,* 24 Utah, 377, 67 Pac. 1068; *Leggett* v. *McLendon,* 66 Ga. 725; *Peart* v. *Taylor,* 2 Bibb. (Ky.) 556.

*N. C. Hill,* for appellees.

Appellant, in his bill of complaint, did not state the contents of said alleged deed to Mrs. M. E. Breeland nor did he say what the consideration was, the date thereof, nor undertake to give the court any idea of the material contents of said deed, but merely alleged that it was a warranty deed.   Upon issues thus made, trial was had before the chancellor, the witnesses being introduced in open court on the part of appellant, there being none upon the part of appellees.   It developed that the said Norwood, the patentee of said lands, and his children, the defendants in said suit, were all good, ordinary, piney woods negroes, some of them being still minors, all 'of them minors at the time of the said deed was alleged to have been made.   The appellant undertook to establish the execution and delivery of the deed by the husband of Mrs. M. E. Breeland, one W. T. Breeland.   He could not read or write' but claimed that at one time the said Norwood and wife had executed a paper to Mrs. Breeland which he thought was a deed but he was unable to tell the court anything about the contents of the alleged instrument. He was unable absolutely to give any of the words constituting the alleged deed and did not know the description of the lands included therein, nor the consideration, if any, stated therein, nor the granting clause, if any nor anything else connected with it further than to say that he supposed it to be a deed.   It is well stated, I think, not only in Mississippi, but throughout the country, that the evidence seeking to establish a lost deed or other instrument, must be clear, unqualified and certain, and the witness must be able to tell the main recitals of the deed before the court can judge that the instrument spoken of was a deed, and in this case, I respectfully submit, there is no evidence on the part of any witness or witnesses that would enable the court to say that the instrument that the witnesses supposed was a deed from Norwood and his wife to Mrs. M. E. Breeland, was such.

If the courts of the country could say from the flimsy

testimony in this case a warranty deed in fee simple has been executed and delivered by Norwood and wife to Mrs. M. E. Breeland, then no man's title is safe to any land that he may own and in order to protect the interest and securtiy of the owners of lands, the party alleging that a deed has been executed and lost or destroyed and who seeks to establish it by secondary evidence must do so by clear and unequivocally satisfactory evidence that the instrument in point of fact was a deed and such proof must show and clearly establish all the necessary constituents of the deed. *Capell et al.* v. *Fagan,* 2 Ann. Cas. 37; *Tayloe* v. *Riggs,* 1 Pet. (U. S.) 600, 7 U. S. L. Ed. 275; *U. S.* v. *Britton,* 2 Mason (U. S.) 464, 24 Fed. Cas. 14650; *Hooper* v. *Chism,* 13 Ark. 296.

Neither of the witnesses who testified in the present case undertook to claim that there was any granting clause in the instrument referred to nor did they say that the word "grant" was used at all therein. *Cartwright* v. *Cartwright, et al.,* 70 W. Va. 507, 74 S. E. 655; and Ann Cas. 1914 A, 578, and authorities there cited; *Hoddy* v. *Hoard,* 2 Ind. 474.

As to the weight and sufficiency of the evidence necessary to establish a lost deed, I refer the court to the case of *Stovall* v. *Judah,* 21 So. (Miss.) 614, 74 Miss. 747; and *Edwards* v. *Rives,* 17 So. (Fla.) 416.

SMITH, C. J., delivered the opinion of the court.

The appellant seeks by an original bill to quiet his title to certain land described therein, and to cancel a claim of the appellees thereto. The cause was tried on bill, answer, and proof, and the bill was dismissed. The land in controversy was formerly owned by B. F. K. Norwood, now deceased, and the appellant claims by mesne conveyances from him, and the appellees are Norwood's heirs at law. In 1897 Norwood owned and occupied as a home-stead one hundred and sixty acres of land adjoining land

then owned by either W. T. Breeland or his wife, M. E. Breeland. Norwood and the Breelands agreed to exchange portions of their lands, and executed and delivered each to the other written instruments prepared by a justice of the peace now deceased in consummation of this agreement, the land which the Breelands were to receive from Norwood being that here in controversy. Norwood continued to reside on the remainder of his original homestead for a short time, and then removed therefrom, and neither he nor his heirs have since asserted any right in the land here in question. Norwood lived twelve or thirteen years after his alleged conveyance of the land to the Breelands. In May, 1898, the Breelands conveyed the land to Kennedy, through whom the appellant claims. The land is covered with timber, and the only acts of ownership thereover exercised by any of the subsequent grantees from the Breelands was an occasional cutting of timber therefrom. When the Breelands sold the land to Kennedy, Norwood went to the land with Breeland and Kennedy, and pointed out to Kennedy the lines thereof. The deed from Norwood to the Breelands was never recorded, and is lost. The instrument delivered by Norwood to the Breelands was seen by a witness some time after its execution, but the only recollection he had of its contents was that it was written like any other deed, and was from Norwood to the Breelands. He could not remember the description of the land therein, but when shown a diagram of the section of which it is a part he checked off the proper land as being described therein. The witness was also told by Norwood after the execution of his deed to the Breelands that he had sold the land to them. The deed from the Breelands to Kennedy was drawn by the same justice of the peace, who is now dead, who drew the one from Norwood to the Breelands, and the description of the land in the Kennedy deed was taken by him from that in the Norwood deed. The foregoing facts appear

from the evidence introduced by the complainants, the defendants introducing no evidence at all.

The only question here presented is the sufficiency of the proof of the contents of the document executed and delivered by Norwood to the Breelands. It is not neces-sary to prove the contents of a lost document literally, but only substantially. If the document is a deed it is suffi-cient for it to appear from the evidence that it was exe-cuted, to and by whom, that it contains the necessary words of grant, the consideration therefor, and what prop-erty was conveyed thereby. These facts ordinarily must be proven by witnesses who have seen and read the lost deed, but their existence may be proven in a controversy where the grantor or his heirs are seeking to recover the land by admissions and conduct of the grantor incon sistent with their nonexistence.

It is clear from the evidence that Norwood intended to execute to the Breelands a fee-simple deed to the land in question, that he thought that the instrument which he executed and delivered to them was such a deed, and that he and his heirs have acted upon that theory for more than twenty years. From which, in the absence of evidence to the contrary, it will be presumed that the instrument that Norwood executed was so drawn as to be what he intended it should be, to wit, a fee-simple deed to the land which he had agreed to convey to the Bree-lands. *Native Lumber Co.* v. *Elmer,* 117 Miss. 720, 78 So. 703.

Reversed and judgment here for the appellant.

*Reversed.*